Greco, PJ.
Encompass Insurance Company (“Encompass”) has appealed following the entry of judgment against it after a jury-waived trial. The court found for the plaintiff, Advanced Spine Centers, Inc. (“Advanced Spine”), and awarded damages plus interest, costs, and, principally, attorney’s fees in the total amount of $14,213.78. The matter was tried upon a “case stated,” the following facts not being in dispute.
On October 28, 2006, Kamsot Mein (“Mein”) was in a car accident. Her car was insured by Encompass. Through her attorney, Mein presented a claim to Encompass for personal injury protection (“PIP”) benefits totaling $6,610.00, which Encompass denied. The parties agree that the reasons for the denial are “irrelevant,” and that the “reasonableness of the bills, the necessity of the treatment and the causal relationship between the accident, injuries and treatment are not at issue.” On August 8, 2007, Mein settled her “third party bodily injury claim” against the other motorist for $7,500.00. At that time, she released the other motorist, a family member of the other motorist, and MMG Insurance Company (“MMG”)[1] from all *207 claims arising out of the accident. Clearly excluded from the release, however, were any PIP subrogation claims.[2] On the same day, Mein’s lawyer sent to an entity end-tied “Accelerated Receivables Management Solutions, LCC” (“Accelerated”)[3] a document captioned as a “Conditional Release of Lien,” requesting that it be signed. A representative of Accelerated signed and dated it on August 8,2007. Under this document, Advanced Spine released its “lien” against Mein, her lawyer, Encompass, and MMG “with respect to funds available as a result of the above claim[4] on the condition that payment in the amount of $3,305.00 is received within fifteen (15) days of receipt of settlement proceeds” by Mein’s lawyer. Thus, it would appear that any such release would be in effect if the amount of $3,305.00 were paid within fifteen days after Mein’s lawyer received the $7,500.00 settlement. This $3,305.00 appears to represent half of the PIP benefits being sought by Advanced Spine. Mein’s attorney received the $7,500.00 settlement check on August 15,2007. Eight days later, he paid Advanced Spine $3,305.00. No other document referencing a lien was made part of, or attached to, the case stated.
The parties agreed that the sole issue in this case was whether the “Conditional Release of Lien” released Encompass “from liability to Advanced Spine for the medical expenses incurred by Ms. Mein as a result of the October 28,2006 accident,” i.e., the remaining half of the PIP benefits originally sought. The parties went on to suggest how the trial judge should fashion his ruling: if Encompass were released, the judge should answer “yes,” and enter judgment for Encompass; if Encompass were not released, the judge should answer “no,” and enter judgment for Advanced Spine in the amount of $3,305.00, plus interest, costs, and attorney’s fees pursuant to G.L.C. 90, §34M. In either event, the remaining counts in Advanced Spine’s complaint were dismissed by agreement. The trial judge answered “no,” and assessed damages. This appeal followed. Encompass takes the position that the two releases clearly show that it was not obligated to pay the balance of the PIP claim. On the other hand, Advanced Spine argues that “[b]y releasing its so-called lien,” it “relinquished any security it had for the debt against Mein’s tort claim, but that the document cannot possibly be read as a discharge of the underlying debt itself’ (emphasis in original).
Black’s Law Dictionary 1006 (9th ed. 2009) defines a “lien” as a “legal right or interest that a creditor has in another’s property, lasting usu [ally] until a debt or duty that it secures is satisfied.” See also Hurley v. Boston R.R. Holding Co., 315 Mass. 591, 608 (1944). As stated in City of Boston v. Rockland Trust Co., 391 Mass. 48, 55 (1984), quoting Arnold v. Delano, 4 Cush. 33, 38 (1849), “[t]he very definition of a lien is, a right to hold goods, the property of another, in security for some debt, duty or other *208 obligation.” Black’s Law Dictionary also defines a “conditional release” as a “discharge from an obligation based on some condition, the failure of which defeats the release.” Black’s Law Dictionary, supra at 1403. Applying these concepts to the facts set out in the case stated, and taking into account the rather difficult syntax of the “Conditional Release,” the trial judge could have found that on August 8, 2007 Mein — the party who received the medical services provided by Advanced Spine — released all the parties listed in her release from any claim or claims she may have had against them except for any claims for PIP benefits she may have had directly or Advanced Spine may have had by way of subrogation. In return, Mein collected $7,500.00 from the other motorist or its insurer. Contemporaneously, Advanced Spine gave up, or released, any lien it had against Encompass with respect to the $7,500.00 just collected by Mein as a result of the settlement, provided, however, that it, Advanced Spine, received payment of $3,305.00 within fifteen days. Nothing in these documents would have required a finding that Advanced Spine was giving up any rights it had to collect the other half of its bills that remained unpaid, although it may well have given up any ability it had, by way of an attachment or otherwise, to reach the $7,500.00 settlement money for that payment. It must be kept in mind that, ostensibly, the “Conditional Release” was prepared by Mein’s lawyer, and not by Advanced Spine, itself.
Accordingly, in these circumstances, the trial judge’s “no” response was warranted.
Judgment affirmed.
So ordered.

 MMG is, apparently, the insurer of the other car involved in the accident.

 The release sets out that exclusion in capital letters three times.

 It was agreed in the parties’ case stated that Accelerated was Advanced Spine’s authorized agent.

 It is not clear what precisely is the “above claim.” The document does not have a caption typical of a court pleading. Next to the word “Re,” it refers to Mein as the “patient/client,” and Advanced Spine as the “provider,” followed by the date of the injury and the ‘Total Charges” of $6,610.00. Thus, it seems to refer to Advanced Spine’s claim for services provided. However, it is unclear what funds were now made available “as a result” of that claim.